IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RONALD SATISH EMRIT,

        Plaintiff,

v.

ELON MUSK, et al.,

        Defendants.

Case No. 3:25-cv-00007-RRB

## ORDER OF DISMISSAL

On February 11, 2024, self-represented litigant Ronald Satish Emrit ("Plaintiff") filed a complaint, a civil cover sheet, and an application to proceed without paying the filing fee.[1] Then, on February 7, 2025, Plaintiff filed a Notice of Appeal in which he appears to be attempting to "have the present case at bar sent to the Tenth Circuit Court of Appeal in Denver, Colorado"[2] and "sent to the Fourth Circuit Court of Appeals in Richmond, VA."[3] Plaintiff believes this should be a class action lawsuit,[4] and that the U.S. Supreme Court should grant certiorari and review his claims.[5]

---

[1] Dockets 1–3.

[2] Docket 4 at 1.

[3] *Id.* at 3.

[4] *Id.* at 2.

[5] *Id.* at 3.

The filing of a notice of appeal generally "divests the district court of its control over those aspects of the case involved in the appeal."[6] However, at the time Plaintiff's Notice of Appeal was filed, the Court had not issued any appealable interlocutory orders or a final judgment in this case.[7] Therefore, the Court proceeds to conduct its mandatory screening of the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A.

Upon review, the Complaint lacks any basis upon which the Court can establish it has personal jurisdiction over the named Defendants or could be considered a proper venue for this action.[8] Plaintiff claims to be a resident of either Florida and Maryland (spending half the year in each state).[9] None of the Defendants reside in Alaska, none of the alleged events took place in Alaska, and Plaintiff himself indicates this case should be heard in either Colorado or Virginia.[10] As such, this Court certainly is not the appropriate venue for Plaintiff's Complaint.

Further, the Court finds the Complaint is frivolous and duplicative of lawsuits Plaintiff recently has filed. Plaintiff is a serial filer of frivolous complaints in federal

---

[6] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted).

[7] *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018) (a federal court may certify an appeal as frivolous and retain jurisdiction to proceed before an appellate decision issues) (internal citations and quotation marks omitted).

[8] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[9] Docket 1 at 2.

[10] Docket 4 at 3.

Case No. 3:25-cv-00007-RRB, *Emrit v. Musk, et al.*
Order of Dismissal
Page 2 of 5
Case 3:25-cv-00007-RRB    Document 6    Filed 04/14/25    Page 2 of 5

courts across the country. A PACER search reveals that since 2013 Plaintiff has filed over 500 federal civil actions. Plaintiff "has an apparent proclivity for filing the same case simultaneously in multiple districts."[11] As a result of his litigation tactics, Plaintiff has been determined to be a vexatious litigant in at least six district courts,[12] and the Ninth Circuit also has entered a pre-filing review order against Plaintiff.[13]

While this Court has not yet deemed Plaintiff a vexatious litigant, last year the Court dismissed a previous case filed by Plaintiff, *Emrit v. The Grammy Awards on CBS*,[14] as frivolous, and the Ninth Circuit dismissed his appeal in that case for lack of jurisdiction.[15] Similarly, this case appears to be one of dozens of identical complaints that Plaintiff has filed across the country. Plaintiff initiated this most recent campaign of serial filing on or about January 6, 2025.[16] He since has filed approximately 30 duplicative actions, including the above-captioned case filed on

---

[11] *Emrit v. Devos,* 2020 WL 1669872, *1 (N.D. Fla. 2020); *Emrit v. Sec'y, United States Dep't of Educ.,* 829 F. Appx. 474, 477 (11th Cir. 2020) (noting same).

[12] *See Emrit v. Universal Music Grp.,* Case No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. 2019), *report and recommendation adopted,* Case No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. 2019) (collecting cases).

[13] *See In re: Ronald Satish Emrit,* Case No. 15-80221 (9th Cir. 2016).

[14] Case No. 3:24-cv-00017-SLG.

[15] *Id.,* Docket 9.

[16] It appears Plaintiff's first complaint against Defendants Musk, Ramaswamy, Johnson, and the Department of Government Efficiency was filed in the Western District of New York, Case No. 25-cv-12 on January 6, 2025.

Case No. 3:25-cv-00007-RRB, *Emrit v. Musk, et al.*
Order of Dismissal
Page 3 of 5
Case 3:25-cv-00007-RRB   Document 6   Filed 04/14/25   Page 3 of 5

February 11, 2025.[17] Plaintiff argues that the case is not frivolous, repeating arguments he has attempted in many of his other filings.[18]

However, upon review, the Court finds the Complaint to be frivolous and that amendment would be futile.[19] Additionally, the Court finds Plaintiff's premature appeal to be frivolous, and any appeal of this order would be frivolous.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED with prejudice**.

2. All **pending** motions are **DENIED as moot**.

---

[17] Plaintiff has filed his duplicative complaint in the following courts: New York Western District, Case No. 25-cv-12; Hawaii District Court, Case No. 25-cv-07; Connecticut District Court, Case No. 25-cv-24; New Jersey District Court, Case No. 25-cv-160; Louisiana Middle District Court, Case No. 25-cv-25; Tennessee Eastern District Court, Case No. 25-cv-07; Oklahoma Western District Court, Case No. 25-cv-22; New Mexico District Court, Case No. 25-cv-15; Iowa Southern District Court, Case No. 25-cv-04; Louisiana Western District Court, Case No. 25-cv-51; Tennessee Middle District, Case No. 25-cv-33; California Central District Court, Case No. 25-cv-372; Utah District Court, Case No. 25-cv-25; Colorado District Court, Case No. 25-cv-100; Kansas District Court, Case No. 25-cv-2012; South Dakota District Court, Case No. 25-cv-3001; New York Northern District Court, Case No. 25-cv-59; Texas Eastern District Court, Case No. 25-cv-16; Louisiana Eastern District Court, Case No. 25-cv-96; Wyoming District Court, Case No. 25-cv-12; Iowa Northern District Court, Case No. 25-cv-06; Washington Western District Court, Case No. 25-cv-118; Missouri Western District Court, Case No. 25-cv-4005; Missouri Eastern District Court, Case No. 25-cv-08; Montana District Court, Case No. 25-cv-08; Oklahoma Eastern District Court, Case No. 25-cv-15; Oklahoma Northern District Court, Case No. 25-cv-16; Oregon District Court, Case No. 25-cv-71; North Dakota District Court, Case No. 25-cv-08; and Louisiana Eastern District Court, Case No. 25-cv-271.

[18] Docket 4 at 2.

[19] *See Parents for Privacy v. Barr,* 949 F.3d 1210, 1239 (9th Cir. 2020) (complaint dismissed without leave to amend because the problem was not the sufficiency of plaintiff's factual allegations but the failure of plaintiff's legal theories).

3. The Court certifies that any appeal from this disposition would not be taken in good faith.[20]

4. The Clerk of Court shall issue a final judgment and notify the Ninth Circuit Court of Appeals of the entry of this order.

DATED this 14th day of April, 2025, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[20] Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Case No. 3:25-cv-00007-RRB, *Emrit v. Musk, et al.*
Order of Dismissal
Page 5 of 5
Case 3:25-cv-00007-RRB   Document 6   Filed 04/14/25   Page 5 of 5